UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

ANIDJAR & LEVINE, P.A.,
a Florida professional association,

      Plaintiff,

v.

VICTOR F. DANTE, ESQ., an individual
d/b/a DANTE LAW FIRM, and LAW
OFFICE OF VICTOR F. DANTE, P.A., a
Florida corporation formerly d/b/a
DANTE LAW, P.A., together d/b/a
DANTE LAW FIRM ACCIDENT
ATTORNEYS, P.A.,

      Defendants.

_____/

## COMPLAINT FOR SERVICE MARK INFRINGMENT AND INJUNCTIVE RELEIF

Plaintiff, ANIDJAR & LEVINE, P.A., a Florida professional association ("A&L"), pursuant to Title 15 of the U.S.C and all other appropriate law, hereby sues Defendants, VICTOR F. DANTE, ESQ., an individual d/b/a DANTE LAW FIRM ("Dante"), and LAW OFFICE OF VICTOR F. DANTE, P.A., a Florida corporation ("Law Office"), together d/b/a DANTE LAW FIRM ACCIDENT ATTORNEYS, P.A., and alleges:

## NATURE OF THE CASE

1.     This is an action for service mark infringement and unfair competition arising under the federal Lanham Act (15 U.S.C. § 1051 *et seq.*) and Florida state law. A&L seeks preliminary and permanent injunctive relief, and damages, attorneys' fees, and costs.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under the Federal Trademark Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331, 1338(a) and 1338(b), in that these claims are brought to determine a question of actual controversy between the parties arising under the trademark and unfair competition laws of the United States.  This Court has supplemental jurisdiction over A&L's state law claims, pursuant to 28 U.S.C. § 1367(a) because they are so closely related to the federal claims that they form a single case or controversy.

3.      This Court has personal jurisdiction over Defendants because they conduct business in the State of Florida and have committed unlawful acts that have caused injury to  A&L in Florida.

4.      Venue properly lies in this Judicial District under 28 U.S.C. § 1391(b) because Defendants reside in, and a substantial portion of the events giving rise to A&L's claims occurred in, this Judicial District.

## PARTIES

5.      A&L is a Florida corporation that maintains its principal place of business in Broward County, Florida.

6.      A&L is a law firm specializing in advocating and litigation for people who have been in or are victims of accidents.

7.      A&L has been in business for approximately 18 years and has established a reputation in the legal industry as one of the biggest names in accident litigation.

8.      Dante is an individual, sui juris, doing business under the fictitious name DANTE LAW FIRM, and on information and belief resides in Broward County, Florida.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

9.      Law Office is a Florida corporation that maintains its principal place of business in Broward County, Florida.

10.      Law Office previously did business under the fictitious name DANTE LAW, P.A. That fictitious name registration expired in 2021.

11.      Dante and Law Office together do business under the fictitious name DANTE LAW FIRM ACCIDENT ATTORNEYS, P.A.

12.      Internet searches for either of the Defendants lead to a single web page, namely that for "Dante Law Firm."

13.      On the Florida Bar Member Profile, Dante lists his firm as the "Dante Law Firm," with a mailing address of "Dante Law Firm 221 W Hallandale Beach Blvd # 208 Hallandale Beach, FL 33000-5441," and a physical address of "Dante Law, P.A. 221 W Hallandale Beach Blvd # 208 Hallandale Beach, FL 33000-5441."

14.      On information and belief, despite the multitude of names, Defendants operate as a single law firm that holds itself out to the public interchangeably as "Dante Law Firm," "Dante Law Firm Accident Attorneys," or some variation thereof.

**FACTS COMMON TO ALL CLAIMS**

15.      On or about June 30, 2007, A&L began using a service mark, namely the use of the alphanumeric phrase "FREE" as the last four digits of its phone number (the "Mark"), as part of its advertising.

16.      Since that time and through to the present, A&L has consistently used the Mark on its business cards, commercials, website, and other advertising and marketing materials.

17.      A&L's business extends throughout the State of Florida.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

18.     Generally, A&L's advertisement emphasizes the Mark under the phrase

"ACCIDENT ATTORNEYS" against a blue background:





19.     A&L registered the service Mark on May 29, 2018, as US Registration

Number 5478536.

20.     The United States Patent and Trademark Office granted A&L the

registration of the Mark on recognition that the Mark is associated by the public with A&L.

21.     A&L has used the Mark in commerce throughout Florida to identify and

distinguish A&L's high quality of legal services.

22.     The Mark is a symbol of A&L's high quality, reputation, and goodwill, and

has never been abandoned.

23.     A&L has extensively used, advertised, and promoted the Mark in Florida in

connection with its services.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

24.     As a result of A&L's efforts, consumers readily identify the Mark as indicating the services of A&L .

25.     Defendants are a law firm or firms that, on information and belief, claim or claims to specialize in personal injury litigation.

26.     On or about November 29, 2022, A&L discovered that Defendants use a design similar to A&L's registered Mark, particularly, a blue sign with "ACCIDENT ATTORNEYS" and the bold term "FREE" as the last four digits of its telephone number just below, with the name of the firm in smaller letters at the bottom:



27.     Notably, the advertisement prominently places the alphanumeric telephone number with "FREE" in the largest font, with the firm's name below in smaller letters.

28.     Further, Defendants' website also prominently features the Mark:

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:



29.     Defendants claim to provide similar services to A&L in the same market, advertising to the same clients, using the same advertising methods, in direct competition with A&L.

30.     To the best of A&L's knowledge, other than Defendants in this instance, no other law firm uses a design similar to the Mark consisting of a phone number with the last four digits being "FREE."

31.     A&L has been using the Mark in commerce to identify A&L's services long before any date upon which Defendants can rely.

32.     Upon information and belief, Defendants have advertised and promoted its services and derived financial benefit from its use of A&L's Mark.

33.     The Mark has never been assigned nor licensed to Defendants.

34.     On or about December 2, 2022, the undersigned sent a letter to Defendants, a copy of which is attached hereto as **Exhibit "A,"** notifying Defendants of the registered

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

Mark and demanding Defendants cease and desist from using the Mark as part of their advertising.[1]

35.    Defendants responded, acknowledging the registration of the Mark, but refused to comply or cease utilizing same.

36.    On or about January 30, 2023, the undersigned sent a second letter to Defendants, a copy of which is attached hereto as **Exhibit "B,"** again demanding Defendants cease and desist from using the Mark in its advertising.

37.    Defendants refused to comply and has continued to utilize the Mark as the dominant part of their advertising.

38.    Defendants' use of the Mark infringes upon the exclusive rights owned by A&L in its federally registered Mark, and is a violation of the Lanham Act.

39.    Defendants' use of the Mark has caused confusion and mistakes among the consuming public that has harmed A&L.

40.    Defendants' willful and infringing conduct has caused, and is causing, irreparable harm to A&L's trademark rights and will continue to cause such harm unless enjoined by the Court.  Moreover, A&L is without an adequate remedy at law to halt such ongoing unlawful conduct.

41.    Defendants' continued use of A&L's Mark has the effect of diluting and blurring A&L's Mark and brand.

---

[1] The cease and desist letter was addressed to "Dante Law Firm, P.A.," which is yet another variation on the "Dante Law Firm" nomenclature, to the attention of Defendant Dante and at a North Miami Beach address that is tied to one or more of the Dante Law Firm family of entities.  In any event, the letter was received and acknowledged by Defendants as further described herein.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

42.     On information and belief, having full knowledge of A&L's registered Mark, Defendants are purposefully utilizing the Mark to deceive and steal A&L's consumers, or otherwise profit on the confusion and mistake of the consuming public.

43.     All conditions precedent to the institution of this action have either occurred, been performed, been waived or would be futile.

44.     A&L has retained the undersigned counsel to represent them in this action and has agreed to pay a reasonable fee for their services rendered.

## COUNT I

**Trademark and Service Mark Infringement Re: the Lanham Act, 15 U.S.C. § 1114**

45.     A&L incorporates by reference the allegations contained in paragraphs 1 through 44.

46.     A&L's Mark is registered and currently in full force and effect.

47.     Defendants' unauthorized use, copy, and counterfeit of A&L's Mark for use in connection with the sale, advertisement, or promotion of Defendants' services is likely to cause confusion or mistake on the part of consumers.

48.     Defendants have full knowledge of the registration of A&L's Mark, and continues to utilize its copy or counterfeit in a manner that is likely to cause mistake or confusion.

49.     On information and belief, Defendants are purposefully utilizing A&L's Mark to deceive and cause confusion for the purposes of its own profit.

50.     Defendants' willful and infringing conduct has caused, and is causing, irreparable harm to A&L's trademark rights and will continue to cause such harm unless enjoined by the Court.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

51.    A&L is without an adequate remedy at law to halt such ongoing unlawful conduct.

## COUNT II

### Unfair Competition Re: the Lanham Act, 15 U.S.C. § 1125(a)

52.    A&L incorporates by reference the allegations contained in paragraphs 1 through 44.

53.    Defendants' unauthorized use of A&L's Mark is likely to cause confusion, mistake and/or deception as to the source, association, approval or sponsorship of those services.  The relevant trade and public are likely to falsely and erroneously believe that Defendants' services are sponsored by, licensed by, or somehow associated with A&L.

54.    By way of their aforesaid conduct, Defendants' use of A&L's Mark falsely represents that its services are connected or associated with the services of A&L, all of which causes harm and damage to A&L's own goodwill in the Mark.

55.    Such willful and intentional conduct on the part of Defendants places A&L's own reputation beyond its control, thereby causing irreparable injury to A&L and amounts to unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

56.    Defendants' false designation and dilution of A&L's Mark, and its willful and infringing conduct, has caused, and is causing, irreparable harm to A&L's trademark rights and will continue unless enjoined by the Court.  Moreover, A&L is without an adequate remedy at law to halt such ongoing unlawful conduct.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

## COUNT III

### Common Law Trademark and Service Mark Infringement, Trade Name Infringement and Unfair Competition Re: Florida State Law

57.    A&L incorporates by reference the allegations contained in paragraphs 1 through 44.

58.    Defendants' conduct, as alleged above, amounts to trademark and service mark infringement, trade name infringement, and unfair competition under the common law of the State of Florida.

59.    Defendants' conduct has been wanton and willful, and undertaken in reckless disregard for the superior trademark rights of A&L.

60.    Defendants' wanton, willful, and wrongful acts of infringement and unfair competition irreparably harm A&L and that conduct will continue unless enjoined by the Court.

61.    A&L is without an adequate remedy at law to halt such unlawful conduct.

**WHEREFORE**, A&L respectfully requests the Court grant it the following relief:

1.    Entry of judgment as follows:

   (a)    That Defendants have infringed A&L's Mark under §§ 32 and 43(a) of the Federal Trademark Act, 15 USC §§ 1114, 1125; and,

   (b)    That Defendants committed acts of trademark and service mark infringement, trade name infringement, and unfair competition under Florida common law.

2.    That Defendants and each of their agents, employees, servants, attorneys, successors, affiliates, and assigns, and all others in privity or acting in active concert or participation with any of them be preliminarily and permanently enjoined from:

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

    (a)    Using any trademark, service mark, domain name, trade name, corporate name, fictitious business name consisting of a telephone number where the last digits are spelled out as "FREE," in connection with any legal services, including, without limitation, any advertising or on any website;

    (b)    Committing any acts calculated to cause persons to falsely believe that the services of Defendants are associated or connected with, or authorized or licensed by, A&L; and,

    (c)    Competing unfairly with A&L or otherwise injuring A&L's business reputation in the manner complained of herein.

3.    That Defendants be mandatorily enjoined and ordered to remove any and all references to any telephone number where the last digits are spelled out as "FREE."

4.    Pursuant to § 36 of the Federal Trademark Act, 15 U.S.C. § 1118, that Defendants be directed to deliver up to A&L for destruction all advertisements, promotional materials, labels, signs, prints, packages, wrappers, receptacles, uniforms, business cards, stationery and all other materials in the possession or under the control of Defendant bearing or including any telephone number where the last digits are spelled out as "FREE."

5.    That Defendants be required to jointly and severally account for and pay over to A&L any and all profits received by it for services related to its use of the Mark. In addition, in view of the willful and intentional nature of Defendants' unlawful acts, A&L requests that such monetary damages be trebled pursuant to 15 U.S.C. §1117(a), jointly and severally among Defendants.

**Complaint**
*Anidjar & Levine v. Law Offices of Victor Dante, P.A., et al.*
Case No.:

6.     That due to the willful and intentional nature of its conduct, Defendants be required, jointly and severally, to equitably disgorge any and all profits it has made or realized from the sale of services in connection with their use of A&L's Mark in order to avoid any unjust enrichment on its part.

7.     That Defendants be assessed punitive damages, jointly and severally, in an amount to be determined at trial which would serve to deter them from similar unlawful conduct in the future.

8.     That because of the exceptional nature of the case and the willful and intentional nature of Defendants' unlawful conduct, the Court award A&L its reasonable attorneys' fees in accordance with 15 U.S.C. §1117(a), jointly and severally against Defendants.

9.     That this Court award such other and further relief as it shall deem appropriate.

Dated this _7th_ day of March, 2023.

Respectfully submitted,

**SLUSHER & ROSENBLUM, P.A.**
*Attorneys for Plaintiff*
444 W. Railroad Ave., Suite 470
West Palm Beach, Florida 33401
Telephone: 561-814-2020
Facsimile:  561-557-4598

By:_____
     Daniel A. Miller, Esq.
     Florida Bar No. 091804
     dam@slusherandrosenblum.com
     Jonathan S. Glickman, Esq.
     Florida Bar No. 98509
     jsg@slusherandrosenblum.com